No. 20-73220

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RURAL COALITION, et al.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

SYNGENTA CROP PROTECTION, LLC

*Intervenor*,

ON PETITION FOR REVIEW FROM THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

**SYNGENTA CROP PROTECTION, LLC'S RESPONSE TO MOTION TO REOPEN PETITION, ORDER A DEADLINE TO COMPLETE REMANDED PROCEEDINGS, AND TO ENFORCE ORDER REQUIRING STATUS REPORTS**

John C. Cruden
Kathryn E. Szmuszkovicz
David A. Barker
BEVERIDGE & DIAMOND PC
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
jcruden@bdlaw.com
kes@bdlaw.com
dbarker@bdlaw.com

*Counsel for Intervenor
    Syngenta Crop Protection, LLC*

Syngenta Crop Protection, LLC (Syngenta) submits this Response to Petitioners Center for Biological Diversity and Center for Food Safety's Motion to Reopen Petition, Order a Deadline to Complete Remanded Proceedings, and to Enforce Order Requiring Status Reports (the Motion). Syngenta opposes the Motion to the extent that it requests the imposition of an arbitrary judicial deadline of June 25, 2025, for the United States Environmental Protection Agency (EPA) to complete its activities on remand.

The Clerk entered an Order on behalf of the Court on November 7, 2024, administratively closing this case until EPA completes the remanded proceeding. Under that Order, the Court required that within 14 days "after the EPA completes agency proceedings," the parties must notify this court and may move to reopen this petition or for other appropriate relief. *See* ECF No. 45 at PageID 12913984.

As EPA explains in its filing earlier today, EPA has been systematically working on the remanded issue, including convening an independent Scientific Advisory Panel and conducting public notice and comment on proposed revisions to its Atrazine Interim Registration Review Decision – one of the agency decisions Petitioners sought to challenge in this case. The proposed revisions would incorporate recommendations from the Scientific Advisory

1

Panel and implement updates to EPA's exposure modeling based on current scientific data and extensive public comments.

EPA's public docket reflects many of its activities.[1] Yet as support for their claim that remand activities have "languished," and that "this is unlikely to change," Petitioners point to EPA's extension of the current public comment deadline from February 3 to April 4, 2025. *See* ECF No. 48 at PageID 12921808. Petitioners fail to mention that they were among those requesting the extension, arguing that the original 60-day comment period "does not allow sufficient enough time for us to complete our review of the extensive amount of data that is relevant to this decision." *See* ECF No. 49 at PageID 12922816. Petitioners have participated extensively in the proceedings on remand, and offer no suggestion that they proposed a more expedited timeline for any aspect of EPA's review. Petitioners now proffer to the Court an extensive 42-page analysis of EPA's proposed revised decision. Further contradicting their claims of EPA delay and urgent harm, Petitioners inexplicably delayed their Motion to Reopen by over 100 days after this case was administratively closed on November 7, 2024. Petitioners' own conduct undermines their claim of undue EPA delay or the existence of extraordinary circumstances sufficient to

---

[1] *See* www.regulations.gov/docket/EPA-HQ-OPP-2013-0266.

warrant the imposition of a judicial deadline on EPA.

Given the technical nature of the issues and their importance to U.S. agriculture, and that EPA is working to revise one of the agency actions that Petitioners seek to challenge, this Court should deny Petitioners' request to impose an arbitrary deadline on EPA's remaining activities on remand. *See*, *e.g.*, W. Oil & Gas Ass'n v. EPA, 633 F.2d 803, 813 (9th Cir. 1980) ("Our intervention into the process of environmental regulation, a process of great complexity, should be accomplished with as little intrusiveness as feasible.")

With EPA having now offered to resume status reports to the Court while it completes its work, there is even more reason for the Court to continue the procedure it ordered on November 7 to notify the Court 14 days "after EPA completes agency proceedings."

Thank you for your consideration.

| | |
|---|---|
| March 3, 2025 | /s/ *Kathryn E. Szmuszkovicz* |
| | John C. Cruden |
| | Kathryn E. Szmuszkovicz |
| | David A. Barker |
| | BEVERIDGE & DIAMOND PC |
| | 1900 N Street, NW, Suite 100 |
| | Washington, DC 20036 |
| | (202) 789-6000 |
| | jcruden@bdlaw.com |
| | kes@bdlaw.com |
| | dbarker@bdlaw.com |
| | |
| | *Counsel for Intervenor Syngenta Crop Protection, LLC* |

4

## CERTIFICATE OF COMPLIANCE

I certify that this Response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in Times New Roman 14-point font using Microsoft Word 2010. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains [insert word count] words.

March 3, 2025 /s/ *Kathryn E. Szmuszkovicz*

Kathryn E. Szmuszkovicz
BEVERIDGE & DIAMOND PC
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
kes@bdlaw.com

*Counsel for Intervenor
   Syngenta Crop Protection, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| March 3, 2025 | /s/ *Kathryn E. Szmuszkovicz* |
| | Kathryn E. Szmuszkovicz |
| | BEVERIDGE & DIAMOND PC |
| | 1900 N Street, NW, Suite 100 |
| | Washington, DC 20036 |
| | (202) 789-6000 |
| | kes@bdlaw.com |
| | |
| | *Counsel for Intervenor Syngenta Crop Protection, LLC* |